IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WANDA J. COBB, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0353-WS-B |
| ) | |
| TRACY HAWSEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss Plaintiffs' Amended Complaint (doc. 15).  The Motion has been briefed and is now ripe for disposition.[1]

**I.   Background.**

   *A.   Procedural History.*

On April 16, 2007, plaintiffs Wanda J. Cobb and William Cobb, by and through counsel, filed a Complaint against defendants Tracy Hawsey (individually and in his former capacity as Sheriff of Conecuh County, Alabama) and John Greene (individually and in his former capacity as a Conecuh County Deputy Sheriff) in the Circuit Court of Conecuh County, Alabama. Plaintiffs alleged that they had been indicted for murder in Conecuh County based on an investigation led by Greene, but that those indictments were subsequently dismissed after the district attorney determined them to be based on what he believed to be false testimony by Greene.  Based on this sequence of events, the Cobbs brought state-law claims against Hawsey and Greene for malicious prosecution, false arrest, and false imprisonment.  Plaintiffs also brought a federal claim pursuant to 42 U.S.C. § 1983, alleging that Hawsey negligently failed to investigate Greene's credentials and negligently supervised or trained Greene, and that both defendants knowingly presented or allowed the presentation of false testimony to the grand jury,

---

[1] Defendants have requested oral argument on their Motion.  Pursuant to Local Rule 7.3, the Court in its discretion may rule on any motion without oral argument.  After careful consideration of the parties' written submissions, the undersigned is of the opinion that oral argument would not be of substantial assistance in resolving the straightforward legal issues presented in the Motion.  Accordingly, defendants' request for oral argument is **denied**.

culminating in the Cobbs' indictments.

Defendants promptly removed this action to federal court on the basis of federal question jurisdiction, then moved to dismiss the Complaint.  Their Motion to Dismiss (doc. 2) was predicated on the grounds that defendants were entitled to absolute immunity from the state-law causes of action and that the § 1983 claims should be dismissed because that statute creates no substantive rights and the defendants do not qualify as "persons" in their official capacities. After briefing, the undersigned entered an Order (doc. 11) on July 20, 2007 that took the following actions: (a) dismissed all of the Cobbs' official-capacity claims, both state and federal, pursuant to state sovereign immunity, Eleventh Amendment immunity, and plaintiffs' admission that dismissal of such claims was proper; (b) dismissed the Cobbs' state-law individual-capacity claims pursuant to State immunity under § 14 of the Alabama Constitution; and (c) ordered the Cobbs to replead their § 1983 individual-capacity claims.  This third prong of the July 20 Order is of central importance to the Motion to Dismiss that is before the Court at this time.

The July 20 Order recognized that § 1983 does not itself create any substantive rights, but merely provides a remedy for deprivations of federal statutory and constitutional rights.  That Order also explained that the Eleventh Circuit requires heightened pleading of § 1983 claims against government officials in their individual capacities to enable them to evaluate and, if appropriate, raise a qualified immunity defense at an early stage of the case.  "Without some specificity as to what the alleged deprivation was and what constitutional or statutory rights were allegedly violated, defendants are effectively shooting in the dark at a target they cannot see." *Cobb v. Hawsey*, 2007 WL 2093474, *4 (S.D. Ala. July 20, 2007).  In addition to impeding the expeditious resolution of qualified immunity issues, the July 20 Order explained, a failure to allege "what the alleged deprivation was and what specific rights were purportedly deprived ... contravenes basic requirements for § 1983 actions." *Id.*  The July 20 Order cited extensive precedential authority from the Supreme Court, the Eleventh Circuit, and other federal appellate and district courts for the proposition that a § 1983 claim is not properly pleaded unless it identifies the specific constitutional right or rights alleged to have been infringed.

The July 20 Order determined that the § 1983 claim in Count Four of the Complaint fell well short of these requirements, inasmuch as "it is impossible to glean from the vague Complaint exactly how the Cobbs contend that defendants violated their constitutional rights, or

what the alleged deprivation was." *Id.* at *5.  For that reason, the July 20 Order ordered the Cobbs to file an amended complaint that "[a]t a minimum, ... must identify the particular right or rights that the Cobbs allege were violated by each defendant, the constitutional basis or bases for such right(s), and the basic facts underlying such claim." *Id.*

### B. The Amended Complaint.

Faced with these unequivocal directives about how their Complaint was deficient and what measures must be taken to correct those deficiencies, plaintiffs filed an Amended Complaint (doc. 14) on August 16, 2007, nearly four weeks after being directed to do so and three days after the Court-ordered deadline (even after being extended by 10 calendar days at plaintiffs' request).  The Amended Complaint reiterates plaintiffs' contention "[t]hat Hawsey and Greene knowingly presented or allowed the presentation of false testimony to the Grand Jury serving Conecuh County and as a consequence caused the indictment of the Plaintiffs." (Doc. 14, ¶ 8.)[2]  The Amended Complaint asserts in some detail that Greene (allegedly with the supervision and complicity of Hawsey) suborned perjury from a woman named Aretha Harvey to procure an indictment for the Cobbs, and that defendants knowingly used perjured testimony to obtain the indictment.  (*Id.*, ¶¶ 18-20.)  The Amended Complaint states that perjury is a criminal offense under Alabama law, and cites specific Alabama Code provisions to support that conclusion.  (*Id.*, ¶ 22.)  So far, so good.

Where the Amended Complaint stumbles, and stumbles badly, is in relating these allegations of perjury and subornation of perjury to a cognizable claim for relief under 42 U.S.C. § 1983.  Indeed, after chronicling the alleged misconduct of Hawsey and Greene in submitting false testimony to the grand jury, the Amended Complaint merely states in the most conclusory

---

[2]  The Cobbs elaborated on the manner in which such grand jury testimony was false by alleging that (i) Hawsey and Greene held out to the grand jury that Wanda Cobb had made self-incriminating statements that she had not made, (ii) Greene failed to disclose threats that he made to Wanda Cobb to elicit a statement from her, (iii) Greene suborned perjury by seeking out false testimony from nonparty Aretha Harvey to implicate the Cobbs, and (iv) Greene failed to disclose that the Alabama Bureau of Investigation's investigation had raised issues that conflicted with Greene's version of the facts.  (Amended Complaint, ¶¶ 11-15.)  These detailed factual allegations were newly raised in the Amended Complaint.

of terms "[t]hat these actions were contrary to the provisions of 42 U.S.C. § 1983." (*Id.*, ¶ 24.)[3] How?  The Amended Complaint offers no inkling of that constitutional or federal statutory provisions plaintiffs claim were violated, nor does it otherwise connect plaintiffs' factual allegations to the asserted § 1983 cause of action.

## II.     Analysis.

In their narrowly focused and concise Motion to Dismiss, defendants argue that the Amended Complaint satisfies neither the heightened pleading standard for § 1983 claims nor this Court's specific directives as set forth in the July 20 Order.  Defendants' point is simple: Binding case law and the July 20 Order clearly required the Cobbs to identify the particular right or rights that they claim were violated by defendants, and the constitutional basis or bases for such right(s).  According to defendants, plaintiffs have not complied, but have instead reiterated their conclusory § 1983 claim that fails to recite the specific constitutional rights allegedly infringed, such that both defendants and the Court are left guessing as to the specific theories of constitutional deprivation in play.  Without that information, defendants suggest, their ability to assess, raise and litigate their qualified immunity defense at an early stage of this action is unfairly compromised.

Plaintiffs responded to the Motion to Dismiss by filing a rambling 23-page brief that addresses numerous issues neither raised in nor implicated by that Motion.[4]  With regard to the

---

[3] The *ad damnum* clause of the Amended Complaint asserts that plaintiffs are seeking recovery from Hawsey and Greene "in their individual and official capacities." (Amended Complaint, at 5.)  The Court assumes that the reference to official-capacity liability is a mere typographical error or oversight, inasmuch as all official-capacity claims against these defendants were dismissed by the July 20 Order, and Paragraphs 2 and 3 of the Amended Complaint specify that defendants are being sued solely in their individual capacities.

[4] In particular, plaintiffs set forth legal arguments that defendants are not entitled to Eleventh Amendment immunity on these § 1983 claims in their individual capacities, that plaintiffs could have pleaded a conspiracy cause of action against defendants had they elected to do so, that any such conspiracy claims would not have been barred by the intracorporate conspiracy doctrine had they been raised, that any defense predicated on *Heck v. Humphrey* principles would fail, and that any sovereign immunity defense raised as to the individual-capacity § 1983 claims would fail. (Plaintiffs' Brief, at 5-23.)  Plaintiffs also attempt to rebut in anticipatory fashion a qualified immunity argument that defendants have not raised yet because of the vagueness problem in the pleadings. (*Id.* at 8-9.)  Plaintiffs' discussion of defenses that

particular basis of the Motion (*i.e.*, that the Amended Complaint fails to identify the specific constitutional rights that plaintiffs allege were infringed), plaintiffs do not argue that the July 20 Order was wrongly decided or that they were not properly facing a legal imperative to recite the specific constitutional deprivation in their pleading.  Instead, the Cobbs' position is that the Amended Complaint complies with those requirements.  Plaintiffs' argument is as follows:

> "In the Complaint, the Plaintiffs specifically cited the Constitutional provisions which were violated.  Specifically, Plaintiff alleged that Defendants Greene and Hawsey conspired, one among the other, to deprive the Plaintiffs of constitutional and/or statutory rights afforded them under the meaning of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. ... Additionally, all other allegations which include Sheriff Hawsey and Deputy Greene cite the specific Constitutional and statutory provisions that were violated."

(Plaintiffs' Brief, at 11-12.)

Plaintiffs' characterization of their Amended Complaint in this manner is simply counterfactual.  The constitutional and statutory citations referenced in plaintiffs' brief are nowhere to be found in their amended pleading.  Indeed, the Court has scrutinized the Amended Complaint in vain for any reference to the Fourth Amendment, the Fifth Amendment, the Fourteenth Amendment, any other constitutional provision, or any federal statute.[5]  Moreover,

---

have not been argued and claims that have not been raised is unilluminating for purposes of a ruling on the very narrow, very specific arguments presented in the Motion to Dismiss. Plaintiffs also re-assert their contention that the Motion to Dismiss is premature because "jurisdictional issues are intertwined with the merits."  (*Id.* at 2.)  The Court rejects this argument for precisely the same reasons set forth in footnote 3 of the July 20 Order.

[5]     At most, the Amended Complaint alleges violations of certain Alabama state statutes concerning perjury.  But a § 1983 claim cannot be predicated on a violation of a state statute.  *See U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001) ("To state a claim under § 1983, a party must also prove a violation of a particular constitutional or federal statutory provision."); *Ensley v. Soper*, 142 F.3d 1402, 1407 n.4 (11th Cir. 1998) (plaintiffs "cannot base a § 1983 claim solely on an alleged violation of non-federal law"); *Almand v. DeKalb County*, 103 F.3d 1510, 1512 (11th Cir. 1997) ("Section 1983 ... merely provides a remedy for deprivations of federal statutory and constitutional rights."); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.2 (10th Cir. 2006) (to the extent that plaintiff "seeks relief for alleged violations of state statutes ... he has stated no cognizable claim under § 1983, which establishes a cause of action only for deprivation of rights secured by the Constitution or federal law").

while plaintiffs now couch their Amended Complaint as stating a claim for conspiracy to violate civil rights, later in the same brief plaintiffs concede that they "have not alleged that Sheriff Hawsey and Deputy Greene participated in a conspiracy to falsely charge with them," but that such a claim would have been actionable if it had been made. (Plaintiffs' Brief, at 16.)

The law is abundantly clear that a plaintiff who wishes to plead a claim for violation of 42 U.S.C. § 1983 must identify in his or her complaint the specific constitutional right allegedly infringed. The July 20 Order was equally clear that the Complaint did not satisfy this requirement, and that plaintiffs must file an amended complaint that remedied this deficiency. Despite these circumstances, and despite being given a full opportunity and particularized instructions to make the requisite correction, plaintiffs filed an Amended Complaint that suffers from exactly the same pleading defect as its predecessor. That plaintiffs have mentioned certain constitutional rights in briefing the Motion to Dismiss is not a substitute for enumerating those rights in a proper pleading, which plaintiffs have not done.

Ordinarily when a party files a vague or deficient complaint, a court will direct the party to refile a properly drafted one that complies with the rules of pleading. The Court afforded the Cobbs an opportunity to do just that, and gave them very specific instructions as to the necessary corrections and improvements. Notwithstanding this second opportunity to plead their § 1983 claims correctly, plaintiffs failed to comply, but instead submitted an Amended Complaint that is equally infirm. The Eleventh Circuit has explained that dismissal of a case for failure to comply with pleading rules is a "severe sanction," but that "its imposition is justified when a party chooses to disregard the sound and proper directions of the district court." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). This is just such a case.

### III.    Conclusion.

For all of the foregoing reasons, defendants' Motion to Dismiss (doc. 15) is **granted**, and plaintiffs' Amended Complaint is **dismissed without prejudice**.

DONE and ORDERED this 19th day of October, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE